FILED
FEB 12 2018
PETER A. MOORE, JR., CLERK
BY US DISTRICT COURT, EDNC
_____ DEP CLK

| | |
|---|---|
| Lizbette Bonilla Rollings,<br><br>    Plaintiff,<br><br>vs.<br><br>Flagship Credit Acceptance, LLC,<br>Consolidated Asset Recovery Systems, Inc.,<br>James Leake d/b/a American Lenders<br>Service Co. of Greenville, North Carolina,<br>and Best Way Towing, Inc.,<br><br>    Defendants. | AMENDED COMPLAINT<br>Fed. R. Civ. P. 15(a)(2)<br>(Jury Trial Requested) |

NOW COMES Plaintiff Lizbette Bonilla Rollings ("Plaintiff" or "Ms. Rollings"), **by and through counsel Attorney Ralph E Stevenson III, finding no responsive pleadings filed by any Defendant, consistent with N.C.G.S. § 1A-1 R.15, and in compliance with Fed. R. Civ. P. 15(a)(2) prays leave of the court and amends original filing** complaining of the Defendants, Flagship Credit Acceptance LLC, Consolidated Asset Recovery Systems, Inc., American Lenders Service Co. of Greenville, North Carolina, and Best Way Towing, Inc., and alleges and says that:

## INTRODUCTION

This is an action to redress the injuries Plaintiff suffered when Defendants committed a conversion of personal property and engaged in multiple and various unfair and deceptive trade practices, violations of the Uniform Commercial Code, and Fair Debt Collection Practices Act,

1

during the wrongful, grossly negligent, tortious, and unlawful acts characterized by Defendants as the repossession of a vehicle.

## PARTIES

1. Ms. Rollings was a citizen and resident of New Hanover County, North Carolina at the time the incident occurred.

2. Defendant Flagship Credit Acceptance LLC ("Flagship") is a Delaware limited liability company doing business in Raleigh, North Carolina with a principal place of business at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317-9670, and a registered agent for service of process, Corporation Service Company, at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

3. Upon information and belief, Flagship has engaged in substantial activity within the State of North Carolina and provides sub-prime financing for consumers who purchase from various used car dealers in North Carolina and other states.

4. Defendant Consolidated Asset Recovery Systems, Inc. ("Consolidated") is a North Carolina corporation with a principal place of business at 4800 Six Forks Road, Suite 350, Raleigh, North Carolina 27607, and a registered agent for service of process, Merrill M. Mason, 150 Fayetteville Street, Suite 2300, Raleigh, North Carolina 27601-2958.

5. Upon information and belief, Defendant James "Jim" Leake is a sole proprietor located at 6177 North Highland Boulevard, Grifton, North Carolina 28530 in Pitt County, North Carolina, and is d/b/a American Lenders Service Co. of Greenville, Pitt County, North Carolina ("American Lenders").

2

6. Defendant Best Way Towing, Inc. ("Best Way"), is a North Carolina corporation with a principal place of business at 5 North 12th Street, Wilmington, North Carolina 28401, and a registered agent for service of process, Njames David Miller, P.O. Box 12583, Wilmington, North Carolina 28405.

7. Defendant Best Way provides repossession services for the automobile financing industry.

8. This Complaint references an anonymous third party debtor who is not named as a party to this matter. That party was last known to be a resident of Greenville, Pitt County, North Carolina. The identification of the third party debtor is known to all parties named in this matter, and is omitted to prevent further disclosure of private, personal information.

## FACTS

1. On or about December 5, 2014 a third party purchased a 2009 Toyota, VIN 4T3ZE11A59U007122 from Greenville Toyota in Greenville, North Carolina

2. On or about December 5, 2014, the third party entered into a retail installment contract with Greenville Toyota, as the sole signatory for the purchase of the Vehicle.

3. On or about December 5, 2014, the third party executed North Carolina title and registration documents as the sole owner of the Vehicle.

4. On or about December 5, 2014, Flagship Credit Acceptance LLC was duly recorded as the lienholder.

5. Sometime before August 3, 2015 the third party debtor surrendered possession and Flagship took possession of the 2009 Toyota, VIN 4T3ZE11A59U007122

6. On or about August 3, 2015 The State of Indiana issued a title in the name of Flagship Credit Acceptance LLC for the 2009 Toyota, VIN 4T3ZE11A59U007122

7. On or about August 3, 2015 Flagship, by operation in taking titled ownership of the vehicle, the lien recorded against the third party debtor was extinguished.

8. On or about October 20, 2015 Flagship offered the Vehicle for sale at auction

9. On or about October 20, 2015 Drivetime Car Sales Company, LLC purchased the vehicle at auction. This sale extinguished any and all possessory interest Flagship may have had in the 2009 Toyota, VIN 4T3ZE11A59U007122

10. On or about October 20, 2015 Flagship Credit Acceptance LLC reassigned the Indiana title to Drivetime Car Sales Company, LLC

11. On or about November 17, 2015, Ms. Rollings purchased the 2009 Toyota, VIN 4T3ZE11A59U007122 from DriveTime in Raleigh, North Carolina (the "Vehicle").

12. On or about November 17, 2015, Ms. Rollings entered into a retail installment contract with Drivetime Car Sales Company, LLC ("Drivetime"), as the sole signatory for the purchase of the Vehicle.

13. On or about November 17, 2015, Ms. Rollings executed North Carolina title and registration documents as the sole owner of the Vehicle.

14. On or about November 17, 2015 The Indiana title registered to Flagship and duly assigned to Drivetime, was reassigned to Ms. Rollings by Drivetime. This reassignment was attached to North Carolina title and registration documents, and duly submitted to NC DMV for processing.

4

15. On or about November 17, 2015, DT Acceptance Corporation of Phoenix, Arizona was duly recorded as the lienholder.

16. On or about March 28, 2016, DT Acceptance Corporation notified Ms. Rollings that the name of the company had been changed to Bridgecrest.

17. Upon information and belief, sometime before December 28, 2016 Consolidated on behalf of Flagship requested American Lenders execute an order for repossession against the third party debtor.

18. Upon information and belief, on or about December 28, 2016, American Lenders issued a Repossession Order for the vehicle to Best Way on behalf of Consolidated as lienholder enforcing the lien against the third party debtor.

19. This Order disclosed the third party debtor's name and address. In remarks it was noted Ms. Rollings as the registered owner.

20. On or about December 30, 2016, Ms. Rollings went into her driveway and discovered that the Vehicle was missing.

21. On or about December 30, 2016, upon discovering the Vehicle missing, Ms. Rollings called Bridgecrest to verify her account status. Bridgecrest confirmed her account was not in default, confirmed that no repossession had been ordered by it, and advised her to contact law enforcement and report the vehicle stolen.

22. On or about December 30, 2016, law enforcement responded to Ms. Rollings's address, and Bridgecrest provided GPS locator service information.

23. On or about December 30, 2016, GPS locator service provider "Skylink" provided law enforcement with the Vehicle location, which was at Best Way's address

5

24. On or about December 30, 2016, law enforcement contacted Best Way and were advised the vehicle had been repossessed

25. On or about December 30, 2016, law enforcement contacted Ms. Rollings and advised her that the Vehicle had been repossessed and provided Ms. Rollings with contact information for Best Way.

26. On or about December 30, 2016, Ms. Rollings contacted Best Way and was advised they were contracted by American Lenders to repossess the Vehicle.

27. On or about December 30, 2016, Ms. Rollings contacted American Lenders and was advised she was a co-signor for a third party, who had defaulted. The third party's name, address, and other private information was disclosed to Ms. Rollings.

28. On or about December 30, 2016, Ms. Rollings advised American Lenders that she did not know this third party, and has never had any association with this third party and did not co-sign for this Vehicle but bought it herself.

29. Upon information and belief, American Lenders disclosed to Ms. Rollings several lenders' names whom the third party allegedly had defaulted contractual obligations.

30. Upon information and belief, Ms. Rollings does not and has not entered into any obligations as a debtor or co-signor with any of the lenders disclosed by American Lenders.

31. Upon information and belief, American Lenders then referred Ms. Rollings to Consolidated for further information.

32. Upon information and belief, Ms. Rollings contacted Consolidated and was advised that she was a co-signor, the repossession was a "done deal," and she could call back on Tuesday, January 2, 2017.

33. On or about December 30, 2017, Consolidated called Ms. Rollings back and instructed her to contact Flagship Credit Acceptance LLC

34. On or about December 30, 2016, Best Way called Ms. Rollings and informed her Consolidated had released the vehicle to American Lenders.

35. On or about December 30, 2016, American Lenders informed Ms. Rollings the vehicle would still be subject to repossession if the third party defaulted again.

36. After speaking with counsel on January 3, 2017, Ms. Rollings recovered her vehicle on January 6, 2017.

FIRST CAUSE OF ACTION

*(As to all Defendants)*

(CONVERSION)

9. Plaintiff realleges and incorporates herein the allegations of all of the preceding paragraphs.

10. When Defendant Best Way took the Vehicle from Ms. Rollings on January 30, 2016, on behalf of and at the request of Flagship and Consolidated, Ms. Rollings was its lawful owner and was entitled to its immediate possession.

11. Defendants wrongfully took and converted the Vehicle to their own use.

7

12. The conversion damaged Ms. Rollings in that she suffered actual and consequential damages, including, but not limited to, two days missed from work, having to rent a car, embarrassment and distress over having to contact law enforcement, total loss of the Vehicle's use, possession, and enjoyment, and expenses incurred to get to perform daily duties and get to work without a vehicle.

13. Defendants are liable to Ms. Rollings for her compensatory and consequential damages in an amount to be proven at trial.

14. Defendants are also liable for punitive damages pursuant to N.C.G.S. § 1D-1, et seq., in that they conducted their wrongful behavior described hereinabove willfully, intentionally, maliciously, and with reckless disregard for Plaintiff's rights and interests.

SECOND CAUSE OF ACTION:

*(As to Defendants Consolidated, American Lenders, and Flagship)*

(VIOLATIONS OF ARTICLES 2 and 9 OF THE NORTH CAROLINA UNIFORM COMMERCIAL CODE)

15. Plaintiff realleges and incorporates herein the allegations of all of the preceding paragraphs.

16. Ms. Rollings is a good faith purchaser for value under N.C.G.S. § 25-2-403(1).

17. The Vehicle is "consumer goods" as defined in N.C.G.S. § 25-9-102(a)(23).

18. Ms. Rollings is a "debtor" as defined in N.C.G.S. § 25-9-102(a)(28).

19. Upon information and belief, Defendants Consolidated and Flagship are each a "secured party" but with another third-party debtor, and not Ms. Rollings, as that term is defined in N.C.G.S. § 25-9-102(a)(75).

20. Upon information and belief, Defendants Consolidated and Flagship negligently failed to maintain the account status of the third party debtor.

21. Upon information and belief, Defendants Consolidated and Flagship have policies and procedures that meet or exceed Industry Standards designed to expressly prevent the failure to maintain account status.

22. Upon information and belief, a failure to follow established policies and procedures, when that failure results in damages to a consumer, constitutes gross negligence.

23. Under N.C.G.S. § 25-9-625(b), a secured party is liable for damages in the amount of any loss caused by noncompliance with North Carolina's UCC Article 9.

24. Defendants Consolidated and Flagship violated the provisions of Article 9, Part 6 of North Carolina General Statutes, Chapter 25, including but not limited to the following violations:

    a. Authorizing the repossession of the Vehicle and repossessing the Vehicle even though Ms. Rollings was not in default because she had no security agreement with Defendants Consolidated and Flagship, in violation of N.C.G.S. § 25-9-609(a).

9

    b. Repossessing the Vehicle for a second time from Ms. Rollings even though the Vehicle had been previously repossessed from the third-party debtor and sold to Drivetime, who then sold it to Ms. Rollings.

25. For this failure to comply with Article 9, Part 6 of North Carolina General Statutes, Defendants Consolidated and Flagship are liable to Ms. Rollings for her actual damages, including, but not limited to, those damages identified in the previous cause of action, pursuant to N.C.G.S. § 25-9-625(b) and (c)(1).

26. Defendants Consolidated and Flagship are also liable for punitive damages pursuant to N.C.G.S. § 1D-1, *et seq.*, in that it conducted its wrongful and grossly negligent behavior described hereinabove willfully, intentionally, maliciously, and with reckless disregard for Plaintiff's rights and interests.

## THIRD CAUSE OF ACTION

*(As to All Defendants)*

## **VIOLATIONS OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

27. Plaintiff realleges and incorporates herein the allegations of all of the preceding paragraphs.

28. At all times relevant, Defendants were engaged in commerce in the State of North Carolina.

29. The following acts of Defendants are unfair and deceptive in that they offend

10

Case 4:18-cv-00019-BR   Document 16   Filed 02/12/18   Page 10 of 18

established public policy, are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead:

   a. Undertaking self-help repossession against Ms. Rollings when they had no security agreement with Ms. Rollings;

   b. Wrongfully repossessing a vehicle pursuant to a loan that was not in default;

   c. On the part of Consolidated, telling Ms. Rollings that she is a co-signer on the Vehicle when she was not;

   d. One the part of Best Way, telling Ms. Rollings that she must pay the balance due in order to have the Vehicle returned to her;

   e. On the part of Consolidated and Flagship, ordering the repossession of the Vehicle without having any ownership right or security interest to the Vehicle because they had already repossessed and sold the Vehicle to Drivetime;

   f. On the part of Consolidated and Flagship, authorizing an agent to repossess a vehicle to which they had neither ownership rights nor a security interest;

   g. On the part of Consolidated and Flagship, violating the Uniform Commercial Code as described hereinabove; and

   h. Other acts and practices to be proven at trial.

30. Defendants' conduct proximately caused injury to Ms. Rollings in that she made a down payment and payments on a vehicle that Defendants then wrongfully repossessed, incurred expenses and loss of pay in her attempts to resolve the situation and seek legal counsel, and

11

suffered embarrassment, emotional distress, and inconvenience as described hereinabove.

31. Defendants are therefore liable for treble Ms. Rollings' actual damages under N.C.G.S. § 75-16 for her claims herein.

## **AMENDED** FOURTH CAUSE OF ACTION

*(As to All Defendants)*

## **VIOLATIONS OF NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff realleges and incorporates herein the allegations of all of the preceding paragraphs.

33. Ms. Rollings is a "consumer" as that term is defined **in N.C.G.S. § 75-50(1)** because she is obligated to pay a debt on the Vehicle.

34. Upon information and belief, Defendant Flagship is a "debt collector" as that term is defined in **N.C.G.S. § 75-50(3)** because it ordered repossession of a car under a secured debt with a third-party debtor.

35. Consolidated, American Lenders, and Best Way are each a "debt collector" as that term is defined in **N.C.G.S. § 75-50(3)** because they were all contractors to Flagship in an attempt to collect a secured debt between Flagship, as a creditor, and a third-party debtor.

36. Upon information and belief, Defendants wrongfully communicated with Ms. Rollings in violation of **N.C.G.S. § 75-51(6)** because she is not the third-party consumer who owed the debt or an attorney for the consumer who owed the debt.

37. Upon information and belief, Defendants harassed Ms. Rollings in violation of **N.C.G.S. § 75-51(8)** by using wrongful means to repossess the Vehicle that they had no right to repossess causing mental anguish and embarrassment.

38. Upon information and belief, Defendants Consolidated, American Lenders, and Best Way made false or misleading representations concerning the character and legal status of the debt that was owed in violation of **N.C.G.S. § 75-54(4)** because Ms. Rollings did not owe the debt to Flagship.

39. Upon information and belief, Defendants Consolidated, American Lenders, and Best Way made false or misleading representations in violation of **N.C.G.S. § 75-54(6)** in taking legal action against Ms. Rollings that could not be taken since she was not the debtor with Flagship.

40. Upon information and belief, Defendants Consolidated, American Lenders, and Best Way made false or misleading representations in violation of **N.C.G.S. § 75-53 (1)** because these representations indicated Ms. Rollings had engaged in conduct deserving of repossession, which disgraced her in her community.

41. Upon information and belief, Defendants Consolidated, American Lenders, and Best Way made false or misleading communications concerning credit information which was known or should have been known to be false in violation of **N.C.G.S. § 75-55(2)** because Ms. Rollings did not owe any debt to Flagship.

42. Upon information and belief, Defendant American Lenders used false or deceptive means in violation of **N.C.G.S. § 75-54(7)** in order to locate the Vehicle to have Best Way repossess the Vehicle.

43. Upon information and belief, Defendants did not properly communicate to Ms. Rollings that they were attempting to collect a debt, which is a violation of **N.C.G.S. § 75-54(2)**

FIFTH CAUSE OF ACTION

*(As to Defendant American Lenders)*

(COMPUTER-RELATED CRIME)

44. Plaintiff realleges and incorporates herein the allegations of all of the preceding paragraphs.

45. Upon information and belief, Defendant American Lenders willfully accessed North Carolina Department of Motor Vehicle ("DMV") computers in violation of N.C.G.S. § 14-454.1(a)(2) in order to locate the Vehicle to have Best Way repossess the Vehicle.

46. Upon information and belief, Defendant American Lenders did not have authority to access DMV computers in violation of N.C.G.S. §14-458(a).

47. Ms. Rollings suffered mental anguish and embarrassment at having her Vehicle repossessed on December 30, 2016 due to American Lenders' unlawful access of DMV computers.

48. Ms. Rollings has a private cause of action for the violation of the previous three paragraphs under N.C.G.S. §§ 14-458(c) for harm to her person in the form of mental anguish and embarrassment.

WHEREFORE, Plaintiff prays the Court:

1. That the Court award her actual, consequential, and punitive damages in amount in excess of ten thousand dollars ($10,000) to be proved at trial;

2. That the Court additionally treble her actual damages pursuant to the Third cause of action under N.C.G.S. § 75-16;

3. **That the Court assess fines of $4000.00 for each occurrence against each Defendant pursuant to the Forth cause of action under N.C.G.S. § 75-56(b)**

4. That Plaintiff receives a jury trial on all matters;

5. That the Court award Plaintiff her costs under N.C.G.S. § 1-539.2A.

6. That the Court award Plaintiff her costs of litigation and reasonable attorney's fees pursuant to N.C.G.S. § 75-16.1; and

7. For such and other further relief to which Plaintiff hereto may be entitled and which the Court deems just and proper.

THIS the 12 day of February, 2018.

Respectfully submitted by: /s/Ralph E. "Steve" Stevenson III

Ralph E. "Steve" Stevenson III

Attorney for Plaintiff

NCSB # 42349

S & P Law

874 Country Club Road

P.O. Box 981

Rocky Mount, NC 27802

Telephone: (252) 443-2195

Facsimile: (252) 443-2329

Email: steve@sandplaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Motion and Order in the above-captioned action upon all other parties to this cause in the manner indicated below, as provided by Rule 5 of the Federal Rules of Civil Procedure:

> By hand delivery or depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service via First Class Mail, addressed as follows:

1. Josh B. Baker Attorney for Defendant Flagship Credit Acceptance, LLC 1901 Sixth Ave. North, Regions/Harbert Plaza Suite 2400, Birmingham, Ala. 35203

2. Christopher J Stipes, Attorney for Defendants: Consolidated Asset Recovery Systems, Inc., James "Jim" Leake d/b/a/ American Lenders Services Co. of Greenville, North Carolina, and Bestway Towing, Inc. c/o Teague, Campbell, Dennis & Gorham, LLP PO Box 19207 Raleigh, NC 27619-9207

This the 12 day of February, 2018.

_____
Ralph E. Stevenson III.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Amended Complaint in the above-captioned action upon all other parties to this cause in the manner indicated below, as provided by Rule 5 of the Federal Rules of Civil Procedure:

By hand delivery or depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service via First Class Mail, addressed as follows:

1. Josh B. Baker Attorney for Defendant Flagship Credit Acceptance, LLC 1901 Sixth Ave. North, Regions/Harbert Plaza Suite 2400, Birmingham, Ala. 35203

2. Christopher J Stipes, Attorney for Defendants: Consolidated Asset Recovery Systems, Inc., James "Jim" Leake d/b/a/ American Lenders Services Co. of Greenville, North Carolina, and Bestway Towing,Inc. c/o Teague, Campbell, Dennis & Gorham, LLP PO Box 19207 Raleigh, NC 27619-9207

This the 12 day of February, 2018.

_____
Ralph E. Stevenson III.