IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00019-BR

| | | |
|---|---|---|
| LIZBETTE BONILLA ROLLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| FLAGSHIP CREDIT ACCEPTANCE, LLC, | ) | |
| CONSOLIDATED ASSET RECOVERY | ) | |
| SYSTEMS, INC., JAMES LEAKE d/b/a | ) | |
| AMERICAN LENDERS SERVICE CO. OF | ) | |
| GREENVILLE, NORTH CAROLINA, and | ) | |
| BEST WAY TOWING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to remand (DE # 25) filed by plaintiff Lizbette Bonilla Rollings. Plaintiff's motion to remand asserts improper removal by defendant Flagship Credit Acceptance, LLC ("Flagship"), and the memorandum in support of the motion (DE # 26) requests sanctions against the defendant. The motion to remand (DE # 9) filed by defendants Consolidated Asset Recovery Systems, Inc. ("Consolidated"), James Leake d/b/a American Lenders Services Co. of Greenville, North Carolina ("American Lenders"), and Best Way Towing, Inc. ("Best Way") is also before the court. The motions have been fully briefed and are ripe for disposition.

**I. BACKGROUND**

In this action, plaintiff seeks damages to redress injuries allegedly suffered during what defendants characterize as the lawful repossession of a vehicle. (See Am. Compl., DE # 16.) Plaintiff commenced this action in the Superior Court of Pitt County, North Carolina on 22

December 2017. (Notice of Removal, DE # 1, ¶ 1.) The original complaint asserted five causes of action—one of which was rooted in federal law. (Id. ¶ 3.) Due to the federal claim, defendant Flagship removed the case to this court on 2 February 2018 pursuant to 28 U.S.C. § 1441. (Id. ¶ 4.) On 12 February 2018, plaintiff amended the complaint by replacing the federal cause of action with a claim under North Carolina's Fair Debt Collection Practices Act. (Am. Compl., DE # 16, ¶¶ 32-43.) That same day, defendants Consolidated, American Lenders, and Best Way filed their motion to remand citing improper removal by fellow defendant Flagship. (Mot. to Remand, DE # 9.) On 27 February 2018, plaintiff filed her own motion to remand—adopting the reasoning utilized in defendants' previous motion. (Mot. to Remand, DE # 25.) Flagship consents to both motions to remand based on a new understanding of when co-defendants American Lenders and Best Way were served with the summons and complaint (Mem., DE # 32, at 7) and due to the complaint's amendment (Mem., DE # 42, at 9). However, Flagship challenges the imposition of any sanctions against it for improper removal. (Id. at 6-9.)

## II. DISCUSSION

A.   <u>Subject Matter Jurisdiction</u>

While defendants' and plaintiff's motions to remand are founded on purported procedural defects in Flagship's removal, the complaint's amendment provides an appropriate basis for resolution of this matter. In their responses to plaintiff's motion, all of the defendants recognize the amended complaint's lack of federal claims.

Flagship removed this action to federal court solely on the basis of federal question jurisdiction.[1] (Notice of Removal, DE # 1, ¶ 6.) At that time, of course, the court had original

---

[1] Plaintiff and three of the four defendants are citizens of North Carolina (Am. Compl., DE # 16, ¶¶ 1-6)—removing the possibility of original jurisdiction in federal court based on diversity of citizenship. See 28 U.S.C § 1332.

2

jurisdiction over plaintiff's federal claim, see 28 U.S.C. § 1331, and supplemental jurisdiction over her state claims, see id. § 1367(a). Plaintiff's subsequent amendment of the complaint to assert only state claims did not automatically deprive this court of jurisdiction. See Gold Leaf Land Trust v. Bd. of Supervisors, No. Civ.A. 3:01CV00047, 2002 WL 982375, at *8 (W.D. Va. May 14, 2002) ("[R]emoval is not per se defeated by the filing of an amended complaint which deletes the federal claim." (citation omitted)). The court must choose whether to maintain its supplemental jurisdiction over the remaining state claims. Id. Given that all parties consent to remand and there is no suggestion that plaintiff acted in bad faith in amending her complaint, the court declines to exercise supplemental jurisdiction. See Ennis v. Town of Kill Devil Hills, No. 2:12-CV-9-F, 2012 WL 1473391, at *3 (E.D.N.C. Apr. 27, 2012) (allowing plaintiff to delete federal claims from the original complaint in order to gain a remand to state court absent any reason to believe plaintiff acted in bad faith).

B.  Possible Sanctions

Plaintiff requests sanctions against Flagship for improperly removing the case without the consent of its co-defendants. Approving such a request in the form of attorney fees "is appropriate if the 'removal petition was so patently without merit that the inescapable conclusion is that it was filed in bad faith.'" Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 511 (E.D. Va. 1992) (quoting ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir. 1987)). The present circumstances do not warrant such a finding. Therefore, no sanctions will be awarded.

## III. CONCLUSION

The motions to remand are GRANTED. This case is REMANDED to the Superior Court of Pitt County, North Carolina. The Clerk is DIRECTED to send a copy of this order to the Clerk of that court.

This 6 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge